IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00084-REB-MJW

MICHAEL R. McKINSEY and
DEBORAH E. McKINSEY,

Plaintiffs,

v.

GMAC MORTGAGE, LLC;
BANK UNITED, FSB;
DEUTSCHE BANK NATIONAL TRUST COMPANY as trustee for securitized trust
HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH
CERTIFICATES, SERIES 2006-14;
WELLS FARGO BANK, N.A.;
PUBLIC TRUSTEE OF GUNNISON COUNTY, COLORADO; and
ALL UNKNOWN PERSONS WHO CLAIM ANY INTEREST IN THE SUBJECT MATTER
OF THIS ACTION,

Defendants.

---

**RECOMMENDATION ON**
**(1) GMAC DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED**
**COMPLAINT (Docket No. 26);**
**(2) PLAINTIFFS' MOTION TO DISMISS WITH PREJUDICE AND ENTER DEFAULT**
**JUDGEMENT [sic] AGAINST DEFENDANTS (Docket No. 31); and**
**(3) PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE BY**
**COURT ORDER (Docket No. 36)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States

Magistrate Judge issued by Judge Robert E. Blackburn on January 16, 2013 (Docket

No. 3).

**BACKGROUND**

Plaintiffs, Michael R. McKinsey and Deborah E. McKinsey, commenced this

2

action without counsel in Gunnison County District Court on September 11, 2012, with the filing of a "Complaint Under Rule 105, Motion For Expedited Preliminary Injunction, Motion For Temporary Restraining Order, and Other Claims of Relief." (Docket No. 4).

This action arises from a $525,000 loan obtained by plaintiff Michael R. McKinsey related to a house located in Gunnison County, evidenced by a Note executed by Michael McKinsey and secured by a Deed of Trust executed by both plaintiffs jointly. Plaintiff Michael McKinsey presumably failed to comply with the payment obligations of this loan because in September 2012 defendant GMAC Mortgage, LLC, foreclosed on the plaintiffs' property through the defendant Gunnison County Public Trustee. Plaintiffs apparently commenced this action to contest the foreclosure. They asked the state court to issue a temporary restraining order ("TRO") to stop the foreclosure sale. The court, however, denied plaintiffs' TRO request because the plaintiffs had failed to comply with C.R.C.P. 65(b), and the state court set the matter for a prompt hearing on September 28, 2012, to determine whether plaintiffs were entitled to a preliminary injunction. Plaintiffs, however, sent a letter to the state court judge two days before the hearing, requesting that the hearing be rescheduled to a date approximately 30 days later in order for them to confer with an attorney. That request was granted, and a status conference was set on October 10, 2012.

At the October 10 status conference, plaintiffs were represented by counsel, Armin Sarabi, who requested yet another 30-day stay of the case so he could determine whether to amend the pro se Complaint. The court thus scheduled the matter for a further status conference on November 13, 2012. (Docket No. 7). At the November 13 status conference, the court gave plaintiffs even more time to consider their options,

ordering that

> plaintiff [sic] shall within four weeks of today either inform the Court and
> counsel that they stand on the original complaint, file a motion to amend
> the complaint or dismiss the proceeding.  Defendants shall have three
> weeks after that pleading or position in which to move answer or otherwise
> respond. . . . .

(Docket No. 10).  Plaintiffs, however, did not file anything with the state court on or

before that deadline, and the state court thus filed a Case Status Notice on

December 22, 2012, directing the plaintiffs' counsel to notify the court in writing within

fourteen days why the ordered action had not been timely filed.  (Docket No. 40-3).

Plaintiffs' counsel then filed an unopposed motion to amend the complaint on December

24, 2012, which was granted by the state court on December 26, 2012, and  the

tendered Amended Complaint (Docket No. 11) was accepted for filing as of that date.

(Docket No. 12).

The action was then removed to this court on January 15, 2013, by defendants

GMAC Mortgage, LLC, Deutsch Bank National Trust Company, and Wells Fargo Bank

(which collectively shall be referred to as the "GMAC defendants").  (Docket No. 1).

Defendant Public Trustee of Gunnison County, Colorado, filed an Answer to the original

Complaint in state court on October 26, 2012.  (Docket No. 21).

Defendants Bank United, FSB, and All Unknown Persons Who Claim Any

Interest in the Subject Matter of this Action have not yet appeared.  An Order to Show

Cause was issued by this court with respect to these unserved defendants.  A Show

Cause Hearing was held on April 18, 2013, and the Order to Show Cause was vacated.

A Scheduling Conference was held on February 5, 2013, at which the plaintiffs

failed to appear.  (Docket No. 44 - Courtroom Minutes/Minute Order).  Their non-

4

appearance was also addressed at the April 18 Show Cause Hearing.  A Scheduling

Order was entered by this court on February 5, 2013.  (Docket No. 45).

**PENDING MOTIONS**

On January 16, 2013, which was the day after the case was removed, the GMAC

defendants filed a Motion for Extension of Time to File Answer or Otherwise Respond to

First Amended Complaint (Docket No. 18).  That motion was granted by this court

(Docket No. 22), and the GMAC defendants were given up to and including January 30,

2013, to answer or otherwise respond to the Amended Complaint.  On January 30,

2013, the GMAC defendants filed a very thorough Motion to Dismiss Plaintiffs'

Amended Complaint (Docket No. 26),[1] which is now before the court for a report and

---

[1]The GMAC defendants note the following in their motion with respect to
defendant GMAC Mortgage, LLC:

> On January 16, 2013, Defendant GMAC submitted a Notice of Bankruptcy
> and Suggestion of Automatic Stay to the Court [Doc. 17] advising that
> GMAC had filed a voluntary bankruptcy petition and that an automatic stay
> of the litigation existed.  Along with the notice, GMAC provided a copy of a
> final supplemental order entered by the Bankruptcy Court granting a
> limited relief from the automatic stay to permit non-debtor parties in
> foreclosure and eviction proceedings, borrower bankruptcy cases and title
> disputes to continue to assert and prosecute certain permitted claims
> [Doc. 17-1].  Based on this order, Plaintiffs' claims for fraud in the
> concealment, fraud in the inducement, intentional infliction of emotional
> distress, slander of title, violations of TILA, violations of RESPA and any
> and all other claims seeking to recover money damages from GMAC are
> not permitted claims.  The claims for which money damages re not sought,
> including Plaintiffs' lack of standing claim, quiet title and declaratory relief
> and rescission claim (except for the money damages aspect claimed) are
> permitted claims under the final supplemental order and will be addressed
> by GMAC in this motion.  There is no stay with respect to any claims
> asserted against Defendants Deutsche Bank and Wells Fargo.

(Docket No. 26 at 1 n.1).

5

recommendation.  Plaintiffs did not file a response to that motion.  At oral argument,

defendant Trustee stated he does not take a position on this motion or the other two

pending motions filed by the pro se plaintiffs which are addressed below.

Also before the court for report and recommendation are two motions which were

subsequently filed by  the now pro se plaintiffs.[2]  The first is "Plaintiffs' Motion to Dismiss

with Prejudice and Enter Default Judgement [sic] Against Defendants" (Docket No. 31),

which was filed on February 21, 2013.  The GMAC defendants filed a response (Docket

No. 40), and the  plaintiffs filed a reply (Docket No. 49).  The second motion is

"Plaintiffs' Motion to Voluntarily Dismiss Without Prejudice by Court Order" (Docket No.

36), filed on February 25, 2013.  The GMAC defendants filed a response thereto

(Docket No. 39), and the plaintiffs filed a reply (Docket No. 48).

Oral argument was heard on these three motions on April 9, 2013.  The court has

carefully considered all of the motions papers, the oral arguments, and applicable

Federal Rules of Civil Procedure and case law.  In addition, the court has taken judicial

notice of the court file.  The court now being fully informed makes the following findings,

conclusions of law, and recommendations.

### Motion for Default Judgment (Docket No. 31)

The pro se plaintiffs move for entry of a default judgment against the

"defendants" generically and dismissal of the Amended Complaint with prejudice

pursuant to Fed. R. Civ. P. 15(a)(3) , 6(a)(1)(B), 6(b)(1)(A), 6.1(A), and 55,

---

[2]On February 20, 2013, this court granted plaintiffs' counsel's Unopposed Motion
for Withdrawal as Attorney of Record (Docket No. 23) (See Minute Order - Docket No.
29).

D.C.COLOLCivR 6.1(F), and Colo. R.C.P. 15(a).  Such relief is sought based upon their allegations that the GMAC defendants failed to file a response to the Amended Complaint in Gunnison District Court by the required legal deadline of January 7, 2013, did not file a response by the required deadline following the removal of the action to this court, untimely (9 days late) filed a motion for extension of time on January 16, 2013, and then only filed a motion to dismiss (rather than the required answer) on January 30, 2013.

As a general matter, default judgments are disfavored, Katzson Bros., Inc. v. U.S. E.P.A., 839 F.2d 1396, 1399 (10th Cir. 1988), and entry of a default judgment is committed to the sound, broad discretion of the trial court.  Dennis Garberg & Assocs., Inc. v. Pack-Tech Intern. Corp., 115 F.3d 767, 771 (10th Cir. 1997).  "The preferred disposition of any case is upon its merits and not by default judgment." Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970).  "Default may be entered under Rule 55(a) only where a party has 'failed to plead or otherwise defend.'" Lariviere, Grubman & Payne, LLP v. Phillips, 2008 WL 4097466, at *8 (D. Colo. Sept. 4, 2008).  "[C]ourts have consistently held that an honest mistake by the Defendant does not represent a willful failure to respond." Zen & Art of Clients Server Computing, Inc. v. Resource Support Assocs., Inc., 2006 WL 1883173, at *2 (D. Colo. July 7, 2006).

In this case, it is recommended that a default judgment not be entered against the GMAC defendants.  Default has not been entered as against any of the defendants. Furthermore, this court finds that the GMAC defendants timely responded to the Amended Complaint.  GMAC Mortgage, LLC, and Wells Fargo were served through their registered agents on October 2, 2012, and Deutsche Bank was served through its

registered agent on October 5, 2012.   As detailed above, shortly thereafter and significantly before the GMAC defendants were even required to answer the original Complaint, the state court held a status conference on October 10, 2012, at which plaintiffs' counsel requested a 30-day stay of the case so he could determine whether to amend the pro se Complaint.  The court thus scheduled the matter for further status conference on November 13, 2012 (Docket No. 7).  Moreover, at the November 13 conference, the court ordered that

> plaintiff [sic] shall within four weeks of today either inform the Court and counsel that they stand on the original complaint, file a motion to amend the complaint or dismiss the proceeding.  **Defendants shall have three weeks after that pleading or position in which to move answer or otherwise respond. . . . .**

(Docket No. 10) (emphasis added).  Since plaintiffs' counsel failed to file anything with the state court on or before that deadline, the state court issued a Case Status Notice on December 22, 2012, directing the plaintiffs' counsel to notify the court in writing within fourteen days why the ordered action had not been timely filed.  (Docket No. 40-3).  Plaintiffs' counsel then filed an unopposed motion to amend the Complaint on December 24, 2012.  On December 26, 2012, that motion was granted by the state court, and the tendered Amended Complaint (Docket No. 11) was accepted for filing as of that date.  (Docket No. 12).

Plaintiffs now argue that defendants had three weeks from December 24, rather than December 26, to answer the Amended Complaint.  However, only a motion to amend was filed on December 24.  The motion was not granted, and moreover the Amended Complaint was not filed, until December 26.  The three weeks for defendants to answer or otherwise respond to that amended pleading (which was provided for in

8

the state court's November 13 order) did not begin to run until the Amended Complaint was actually filed.  Therefore, defendants had up to and including January 16, 2013 (three weeks from December 26), to answer or otherwise respond to the Amended Complaint.  On that deadline, the GMAC defendants timely moved for an extension to January 30, which was granted by this court (the case having just been removed here). The GMAC defendants then timely filed their motion to dismiss on January 30. Plaintiffs' assertion that an answer still needed to be filed (in addition to the motion to dismiss) is without merit.  See Fed. R. Civ. P. 12(a)(4); McNeil v.United States, 12 Fed. Appx. 805, 807 n.1 (May 2, 2001) (Plaintiff's contention that district court erred in failing to grant him default judgment was frivolous.  Rule 55 clearly provides that default judgment is appropriate only when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defendant as provided by the rules, and Rule 12 makes clear that a pre-answer motion to dismiss is an appropriate defense for purposes of Rule 55 and that no answer is due until the district court resolves the motion, unless the district court postpones the disposition of the motion until the trial on the merits).

Even if the GMAC defendants had only up to January 7 or 14 to answer or otherwise respond as alleged by plaintiffs, it would be manifestly unfair to enter a default under the circumstances presented here.  There has been no willful failure to respond. The GMAC defendants have vigorously defended this action and have presented meritorious defenses.  Furthermore, plaintiffs have shown no prejudice by any purported delay by the GMAC defendants in filing their motion to dismiss.  See Adams v. Robinson Outdoor Prods., LLC, 2013 WL 1412332, at *2 (D. Colo. Apr. 8, 2013) (factors

to consider in determining whether to set aside a Clerk's entry of default are (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense).  In sum, plaintiffs' motion for a default judgment should be denied.

### Plaintiffs' Motion to Voluntarily Dismiss Without Prejudice (Docket No. 36)

Plaintiffs seek an order of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) on the following grounds.  They are the caretakers of their only living parent in Michigan who is elderly and ill.  Their attorney abruptly abandoned them, leaving his practice and starting a new position that has a direct conflict of interest, working for a private investment firm representing the same banks who are parties here, and others.  He misrepresented, misreported, did not report, and did not meet court filing days and otherwise acted in such a way that he irrevocably damaged plaintiffs.  Plaintiffs note that they filed the above motion (for entry of default judgment) because their attorney had failed to disclose to them that defendants had been given seven extra days to answer due to his disrespect to the court and his lack of timely filing.  Finally, this case is in its infancy.

The GMAC defendants oppose the dismissal of this case without prejudice, asserting the following.  First, dismissal will result in excessive delay, causing the GMAC defendants to be denied reasonable resolution of plaintiffs' groundless claims. Plaintiffs have been delaying these proceedings since September 2012 and are engaging in procedural maneuvers to avoid resolution of this matter.  Defendants have timely filed a motion to dismiss and should be afforded a ruling to determine whether this case will proceed.  If plaintiff's request for dismissal is granted, they certainly intend

to refile, and the GMAC defendants will be faced with further delay of many months before bringing this matter to closure.

Second, the GMAC defendants have had to incur significant legal fees and costs in responding to plaintiffs' frivolous claims.  As of the date of the filing of the response to this motion, they had incurred $13,730.19 in attorney fees and costs, excluding the cost of that response.  While the court has the discretion to condition plaintiffs' requested dismissal on payment of GMAC defendants' attorney fees and costs in light of the prejudice they have experienced, such an award would not provide curative relief to the GMAC defendants because it would be uncollectible and therefore will have no effect in insuring that substantial justice is accorded to both the plaintiffs and the GMAC defendants.

Third, plaintiffs have demonstrated a lack of diligence in this matter that has prejudiced the GMAC defendants.  Regarding plaintiffs' claim that their attorney abruptly abandoned them, defendants note plaintiffs were advised by their attorney on January 12, 2013, that he intended to seek leave to withdraw, and he waited two weeks to file his motion to withdraw.  This court gave plaintiffs up to and including February 15, 2013, to respond to the motion, but plaintiffs did not file a response and did not then advise the court that his withdrawal prejudiced them in any manner, and they had ample time after learning of his intended withdrawal to advise him to voluntarily dismiss their Amended Complaint.  Instead, they waited until February 25, 2013, to advise the GMAC defendants that they wanted to voluntarily dismiss their case and then filed their request with the court that day.  By that time, however, the GMAC defendants had incurred the expense of having to respond to the Amended Complaint and filed their motion to

dismiss. Plaintiffs' lack of diligence in this matter should not be rewarded by allowing them to dismiss, suffer no consequences, and refile their Amended Complaint.

Fourth, plaintiffs have failed to articulate a valid explanation of the need for a dismissal. While the GMAC defendants are not unsympathetic to the demands of caring for an ill parent, there is a reasonable way to address plaintiffs' personal issue without prejudice the GMAC defendants. Namely, the GMAC defendants are willing to stipulate to a stay in this litigation pending resolution of the pending motion to dismiss. If that motion is denied, plaintiffs' personal circumstances may be resolved, or they can advise the court of any issues they may have with proceeding. Furthermore, plaintiffs have not provided a legitimate basis for dismissing this case based on the conduct of their now former counsel.

Rule 41(a)(2) of the Federal Rules of Civil Procedure permits the court to dismiss an action without prejudice upon plaintiffs' request "on terms that the court considers proper." Birdsall v. Roanoke Cos. Group, Inc., 2010 WL 5313507, at *2 (D. Colo. Dec. 16, 2010). A court should exercise its discretion 'primarily to prevent voluntary dismissals which unfairly affect the other side and to permit the imposition of curative conditions." Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 357 (10th Cir. 1996) (internal quotation omitted). "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997). "Prejudice can include factors such as 'the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present state of litigation.'" Birdsall, 2010 WL 5313507 at *2 (quoting Ohlander, 114 F.3d at 1537).

12

Here, plaintiffs previously brought these or similar claims in a prior state court action which they voluntarily dismissed in August 2011.  They then commenced this action in state court in September 2012 and once again seek to voluntarily dismiss their case without prejudice.  The GMAC defendants, however, have shown "legal prejudice," namely great effort and expense in defending this action which may very well not be cured with an award of attorney fees and costs because such an award would most likely be uncollectible.  Furthermore, the GMAC defendants have shown multiple delays granted at plaintiffs' request and plaintiffs' lack of diligence in moving this case forward.  In addition, as found below, the GMAC defendants' have meritorious grounds for dismissal with prejudice.  Based on these factors, this court finds that dismissal without prejudice at this juncture is not appropriate as to the GMAC defendants.  It is, however, recommended that the motion be granted with respect to all other defendants.

**GMAC Defendants' Motion to Dismiss (Docket No. 26)**

The GMAC defendants move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).  (Docket No. 26).  Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'"  Cutter v. RailAmerica, Inc., 2008 WL 163016, at *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

13

detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do . . . ." Twombly, 550 U.S. at

555 (citations omitted).  "Factual allegations must be enough to raise a right to relief

above the speculative level." Id.  "[A] plaintiff must 'nudge [] [his] claims across the line

from conceivable to plausible' in order to survive a motion to dismiss. . . .  Thus, the

mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in

support of the pleaded claims is insufficient; the complaint must give the court reason to

believe that *this* plaintiff has a reasonable likelihood of mustering factual support for

*these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir.

2007) (quoting Twombly, 127 S. Ct. at 1974).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope

of the allegations in a complaint: if they are so general that they encompass a wide

swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims

across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d

1188, 1191 (10th Cir. 2012).  The Circuit court has further "noted that '[t]he nature and

specificity of the allegations required to state a plausible claim will vary based on

context.'" Id.  The court thus "concluded the *Twombly/Iqbal* standard is 'a wide middle

ground between heightened fact pleading, which is expressly rejected, and allowing

complaints that are no more than labels and conclusions or a formulaic recitation of the

elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must

accept all well-pled factual allegations in the complaint as true and resolve all

14

reasonable inferences in the plaintiff's favor.  Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ."  Khalik, 671 F.3d at 1190 (quoting Iqbal, 129 S. Ct. at 1949)).  "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable."  Id. at 1191.

Although the plaintiffs are now proceeding pro se in this matter, the operative pleading, the Amended Complaint (Docket No. 11), was filed by counsel.  That pleading thus need not be construed liberally and held to a less stringent standard like it would have been had it been drafted without counsel.  See Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007) (court reviews pro se pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys).

In the Amended Complaint, the plaintiffs (through counsel) raised the following ten claims for relief: (1) lack of standing, (2) fraud in the concealment, (3) fraud in the inducement, (4) intentional infliction of emotional distress, (5) slander of title, (6) quiet title, (7) declaratory relief, (8) violation of TILA, 15 U.S.C. § 1601, et seq., (9) violations of RESPA, 1 U.S.C. § 2601, et seq., and (10) rescission.  The GMAC defendants seek dismissal of the Amended Complaint on the following grounds: (1) plaintiff's first cause of action states no cognizable claim; (2) plaintiffs have failed to plead fraud with particularity; (3) plaintiffs have not asserted a plausible claim for intentional infliction of emotional distress; (4) plaintiffs have failed to state a slander of title claim; (5) plaintiffs

have failed to demonstrate the right to quiet title claim; (6) plaintiffs' TILA claims are time-barred; (7) plaintiffs' RESPA claim is facially deficient and time-barred; and (8) plaintiffs are not entitled to rescission under TILA.  As detailed below, it is recommended that all of the claims in the Amended Complaint be dismissed as against the GMAC defendants.

(Claim 1) Lack of Standing.  In their first claim for relief, entitled "Lack of Standing" against all defendants, plaintiffs appear to assert that each of the defendants did not have the right to foreclose on the property because each of the defendants cannot be a real party in interest in a securitized mortgage.  They contend that the Note and the Deed of Trust are inseparable.   The GMAC defendants assert that this cause of action state no cognizable claim.

This court finds that plaintiffs' first claim for relief fails as a matter of law. Plaintiffs are not parties to the pooling and servicing agreement relating to the securitization of their loan.  "Securitization creates 'a separate contract, distinct from Plaintiff's debt obligations under the reference credit (i.e. the Note.).'"  Knowles v. Bank of America, N.A., 2012 WL 5882570, at *2 (D. Colo. Nov. 21, 2012) (quoting Fick v. U.S. Bank Nat. Ass'n, 2010 WL 5464592, at *5 (D. Colo. Sept. 10, 2012)).  Plaintiffs here are "not part of the second contract created by securitization, and it does not change the [plaintiffs'] obligation to act in accordance with the terms of the note and deed of trust." Id.  "No legal authority exists for the proposition that securitization of a mortgage 'extinguishes a secured party's rights to foreclose.'"  Fick, 2010 WL 5464592 at *5 (quoting Upperman v. Deutsche Bank Nat'l Trust Co., 2010 WL 1610414, at *2 (E.D. Va. Apr. 16, 2010)).  "On the contrary, federal laws explicitly allow for the creation of

16

mortgage-related securities, such as the Securities Act of 1933 and the Secondary

Mortgage Market Enhancement Act [of] 1984." Upperman, 2010 WL 1610414, at *3.  In

addition, defendants are not required to reunite the Note and Deed of Trust before

foreclosing.  Knowles, 2012 WL 5882570, at *2.  Furthermore, plaintiffs' contention that

defendants improperly based the foreclosure on fraudulent documents fails because it is

not supported with any well-pleaded allegations that demonstrate, plausibly, that

defendants engaged in the conduct giving rise to such a claim.  This court agrees with

the GMAC defendants that the Amended Complaint is replete with conclusory

statements and legal conclusions that do not identify any specific fraudulent conduct

engaged in by the GMAC defendants that plausibly gives rise to a claim.

(Claims 2 and 3) Fraud in the Concealment and Fraud in the Inducement.  In

Claim 2 plaintiffs raise a claim of fraud in the concealment against all the defendants,

asserting that "Defendants" concealed the fact that the loan was securitized, as well as

the terms of the Securitization Agreements.  In Claim 3 plaintiffs raise a claim of fraud in

the inducement, asserting that "Defendants" intentionally misrepresented to plaintiffs

that "those Defendants" were entitled to exercise the power of sale provision in the

Deed of Trust.  Once again, this court finds that the Amended Complaint is replete with

conclusory statements and legal conclusions that do not identify any specific fraudulent

conduct engaged in by the defendants that plausibly gives rise to a claim.

"A claim for fraud requires heightened pleading standards–all claims must be

pled with particularity."  Knowles, 2012 WL 5882570, at *4 (citing Fed. R. Civ. P. 9(b)).

Under Rule 9(b) of the Federal Rules of Civil Procedure, plaintiffs must "provide enough

notice to each defendant of the misrepresentations the defendant made so that he can

answer and otherwise defend himself." Gardner v. Investors Diversified Capital, Inc.,

805 F. Supp. 874, 876 (D. Colo. 1992).  "At a minimum, Rule 9(b) requires that a

plaintiff set forth the who, what, when, where and how of the alleged fraud . . . and must

set forth the time, place, and contents of the false representation, the identity of the

party making the false statements and the consequences thereof." U.S. ex rel.

Sikkenga v. Regence Bluecross Blueshield of Utah, 472 F.3d 702, 726-27 (10th Cir.

2006) (citations omitted).  Here, plaintiffs, through counsel (Armin Sarabi), did not plead

with particularity which defendant engaged in the fraudulent acts, when these frauds

occurred, or the contents of the false representation.  Plaintiffs refer to defendants

collectively and generically.  As the GMAC defendants correctly assert, "[i]t is

implausible if not impossible to conclude that each and every Defendant in this action,

whether the originating lender, servicer or Public Trustee of Gunnison County, engaged

in the exact same alleged fraudulent conduct with respect to Plaintiffs.  Likewise, it

defies logic that each and every Defendant concealed the same information from

Plaintiffs.  Plaintiffs [sic] generic allegations relating to all of the Defendants collectively

falls far short of the requirement for particularity under Rule 9(b) and has made it

impossible for any of the Defendants . . . to know what conduct they purportedly

engaged in that gives rise to claims of fraud." (Docket No. 26 at 6-7).  Therefore, it is

recommended that Claim 3 be dismissed.  See Tatten v. Bank of Am. Corp., —

F.Supp.2d —, 2012 WL 6568475, at *5 (D. Colo. Dec. 17, 2012) (Plaintiff's claims that

Bank of American defrauded him were conclusory, not factual, and were dismissed.

Plaintiff did not "identify which statements contained in which documents or made by

which persons were fraudulent and the reasons for those beliefs.  Moreover, Plaintiff

[did] not identify who made those statements, when they were made, or under what circumstances.").

(Claim 4) Intentional Infliction of Emotional Distress.  In Claim 4, intentional infliction of emotional distress as against all defendants, plaintiffs assert that defendants' fraudulent attempt to foreclose on plaintiffs' property in which defendants had no right, title, or interest "is so outrageous and extreme that it exceeds all bounds, which is usually tolerated in a civilized community."  (Docket No. 11 at 16).  Plaintiffs have allegedly suffered severe emotional distress and have "been living under the constant emotional nightmare of losing the Property."  Defendants' conduct allegedly "was so vile, base, contemptible, miserable, wretched, and loathsome that it would be looked down upon and despised by ordinary people."  (Docket No. 11 at 16).  The GMAC defendants assert that the plaintiffs have not asserted a plausible claim for intentional infliction of emotional distress.  This court agrees.

"Intentional infliction of emotional distress ("IIED") has three elements: '(1) the defendant engaged in extreme and outrageous conduct; (2) recklessly or with the intent of causing the plaintiff severe emotional distress; (3) causing the plaintiff to suffer severe emotional distress.'"  Mbaku v. Bank of Am., Nat. Ass'n., 2013 WL 425981, at *8 (D. Colo. Feb. 1, 2013) (quoting Han Ye Lee v. Colorado Times, Inc., 222 P.3d 957, 966-67 (Colo. App. 2009)).  "The 'level of outrageousness required for conduct to create liability' under this tort is "extremely high' as it must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community.'"  Id. (quoting Coors Brewing Co. v. Floyd, 978 P.2d 663, 666 (Colo 1999) (internal citations omitted)).

19

Here, plaintiffs' allegations do not rise to this level.  The conduct described generally in the Amended Complaint does not plausibly rise to the level of "extreme or outrageous" conduct actionable under this tort.  See Smith v. Colorado Interstate Gas Co., 794 F Supp. 1035, 1042 (D. Colo. 1992) ("Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"'").  See also Mbaku, 2013 WL 425981, at *8 ("it was neither extreme nor outrageous for an entity possessing and filing the requisite documentation under Colorado law to institute foreclosure proceedings on borrowers in default."); Tatten, 2012 WL 6568475, at *8-9.  In addition, plaintiffs once again do not plead any facts indicating what each defendant allegedly did that was extreme and outrageous.  Therefore, this claim should be dismissed.

(Claim 5) Slander of Title.  In their fifth claim for relief, Slander of Title against all defendants, plaintiffs assert that "Defendants, and each of them, disparaged Plaintiffs' exclusive valid title by and through the preparing, posting, publishing and recording of the documents previously described herein, including, but not limited to, the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed."  (Docket No. 11 at 17).

"To state a claim for slander of title a plaintiff must allege '(1) slanderous words; (2) falsity; (3) malice; and (4) special damages.'"  Knowles, 2012 WL 5882570, at *5 (quoting Fountain v. Mojo, 687 P.2d 496, 500 (Colo. App. 1984)).  "The fourth element, special damages, requires plaintiffs to show there was some effect on the owner's ability to sell the property."  Id. (citing Skyland Metro. Dist. v. Mountain West Enter.,

LLC, 184 P.3d 106, 131 (Colo. App. 2007)).  "At a minimum, the property must be on

the market for sale, and the tort must create a cloud upon the title."  Skyland Metro

Dist., 184 P.3d at 131.

This court agrees with the GMAC defendants that plaintiffs have failed to state a

slander of title claim.  Plaintiffs have failed to allege any facts supporting their

conclusory assertion that they had "exclusive valid title" to the property that the

defendants slandered.  Plaintiffs do not indicate how the documents were slanderous,

false, or that the defendants acted maliciously with respect to them.  In addition,

plaintiffs have not alleged the special damages required.  It is thus recommended that

this claim be dismissed.

(Claim 6) Quiet Title.  In Claim 6, Quiet Title as against all defendants, plaintiffs

assert they

> are entitled to equitable relief by a judicial decree and order declaring
> Plaintiffs to be the title owner of record of the Property as to the effective
> date of said cancellation, and quieting Plaintiffs' title therein and thereto
> subject only to such legitimate liens and encumbrances as the Court may
> deem valid, and avoiding any liens or encumbrances upon the Property
> created by Defendants or by their putative predecessors, or by any of
> them.
>
> [].  Plaintiffs desire and are entitled to a judicial declaration quieting title in
> Plaintiffs as of the date on which is [sic] loan was consummated.

(Docket No. 11 at 18).

"A plaintiff in an action to quiet title 'must rely on the strength of his own title

thereto' and cannot succeed by challenging defendants [sic] title.'"  Knowles, 2012 WL

5882570, at *5 (quoting School Dist. No. 6 in Weld Cnty. v. Russell, 156 Colo. 75, 396

P.2d 929, 932 (Colo. 1964)).  Here, the GMAC defendants correctly assert that the

plaintiffs once again fail to make any specific allegations in their quiet title claim.

Plaintiffs have not alleged any facts demonstrating that they have title to the property

that is superior to that of any of the defendants.  Instead, they merely claim they own

the property.  They do not identify the source of their ownership interest or why such

interest trumps any rights claimed by the defendants.  Consequently, this claim should

also be dismissed.

(Claim 7) Declaratory Relief.  In Claim 7, for declaratory relief against all

defendants, plaintiffs "request a judicial determination of the rights, obligations and

interest of the parties with regard to the Property, and such determination is necessary

and appropriate at this time under the circumstances so that all parties may ascertain

and know their rights, obligations and interests with regard to the Property."  (Docket

No. 11 at 18).  In particular, the plaintiffs request a determination of the "validity of the

Trust Deeds as of the date the Notes were assigned without a concurrent assignation of

the underlying Trust Deeds," the "validity of the NOD (Notice of Default)," and "whether

any Defendant has authority to foreclose on the Property.  (Docket No. 11 at 18).

This court finds it is without jurisdiction to provide such declaratory relief because

plaintiffs are essentially seeking a re-examination of their rights in the foreclosed

property.  Castro v. Kondaur Capital Corp., 2012 WL 3778346, at *6 (D. Colo. Aug. 14,

2012), recommendation adopted by 2012 WL 3778345 (D. Colo. Aug. 31, 2012).

"Such interference would require this Court to substitute its judgment for [that] of the

state court on the issue of property rights, . . . which involves important state interests

and looks to state law for their resolution."  Id. (quoting Yokomizo v. Deutsche Bank

Securities, Inc., 2011 WL 2912691, at *2 (D. Colo. July 20, 2011)).  It is thus

22

recommended that Claim 7 seeking declaratory relief be dismissed.

(Claim 8) Truth in Lending Act ("TILA") Violation.  In Claim 8, for violations of

TILA, 15 U.S.C. § 1601, *et seq.*, against all defendants, plaintiffs assert that

> Defendants violated TILA by failing to provide Plaintiffs with accurate
> material disclosures required under TILA and not taking into account the
> intent of the State Legislature in approving this statute which was to fully
> inform home buyers of the pros and cons of adjustable rate mortgages in
> a language (both written and spoken) that they can understand and
> comprehend; and advise them to compare similar loan products with other
> lenders.  It also requires the lender to offer other loan products that might
> be more advantageous for the borrower under the same qualifying matrix.

(Docket No. 11 at 19).

The GMAC defendants correctly assert that plaintiffs' TILA claim is time-barred.

As noted by these defendants, pursuant to 15 U.S.C. § 1640(e), an action for money

damages under the statute must be brought "within one year from the date of the

occurrence of the violation . . . ."  15 U.S.C. § 1640(e); Mbaku, 2013 WL 425981, at *4-

5; Betancourt v. Country Wide Home Loans, Inc., 344 F. Supp.2d 1253, 1257 (D. Colo.

2004).  In addition, also pursuant to 15 U.S.C. § 1640(e), an action with respect to a

violation of § 1639, 1639b, or 1639c may be brought before the end of the three-year

period beginning on the date of the occurrence of the violation.  15 U.S.C. § 1640(e).

Here, the date of the occurrence triggering the limitations period was the date plaintiff

Michael McKinsey signed the Note and Deed of Trust and agreed to borrow money from

an identifiable lender, which was on October 26, 2006, more than six years before this

action was commenced.  See In re Ramsey, 176 B.R. 183, 187 (B.A.P. 9th Cir. 1994);

Mbaku, 2013 WL 425981, at *4-5; Pennington v. Equifirst Corp., 2011 WL 1541283, at

*4 (D. Kan. Apr. 21, 2011).  Therefore, plaintiffs' TILA claims are time-barred regardless

23

of whether the one- or three-year period is applied.[3]

In the Amended Complaint itself, plaintiffs assert that "[a]ny and all statutes of limitations relating to disclosures and notices required pursuant to 15 U.S.C. § 1601, *et seq.* were tolled due to Defendants' failure to effectively provide the required disclosures and notices, and further tolled due to Defendants' acts of fraud." (Docket No. 11 at 19). This court finds, however, that plaintiffs have not established that equitable tolling is applicable here. The issue of tolling is governed by state law. Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995). "Once the statute of limitations is raised as an affirmative defense, the burden shifts to the plaintiff to show that the statute has been tolled." Garrett v. Arrowhead Imp. Ass'n, 826 P.2d 850, 855 (Colo. 1992). Under Colorado law, "an equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996). "The Colorado Supreme Court has yet to find a case that qualifies as an 'extraordinary circumstance' that would justify tolling." Braxton v. Zavaras, 614 F.3d 1156, 1160 (10th Cir. 2010). In this case, plaintiffs have not made any specific allegations that any of the defendants wrongfully impeded plaintiffs' ability to bring their TILA claim or that some extraordinary circumstances prevented them from filing their claims despite their diligent efforts. Plaintiffs' allegation in the Amended Complaint that the time limitations are tolled "due to Defendants' act of fraud" is conclusory and does

---

[3]The three-year time bar is discussed further below with respect to plaintiffs' rescission claim.

not warrant a tolling of the statute of limitations.  It is thus recommended that this claim

be dismissed as time-barred.

(Claim 9) Real Estate Settlement Procedures Act ("RESPA") Violation.  In Claim

9, which alleges violations of RESPA 12 U.S.C. § 2601, *et seq.*, against all defendants,

plaintiffs assert that

> [t]he interest and income that Defendants have gained is disproportionate
> to the situation Plaintiffs find themselves in due directly to Defendant's
> failure to disclose that they will gain a financial benefit while Plaintiffs
> suffer financially as a result o [sic] the loan product sold to Plaintiffs.
>
> [].  No separate fee agreements, regarding the use of BANK
> UNITED Cost of Savings" [sic] as the Index for the basis of this loan,
> Disclosures of additional income due to interest rate increases or the
> proper form and procedure in relation to the Borrower's Rights to Cancel
> were provided.
>
> [].  Defendants violated RESPA because the payments between the
> Defendants were misleading and designed to create a windfall.  These
> actions were deceptive, fraudulent and self-serving.

(Docket No. 11 at 20).

The GMAC defendants assert that the plaintiffs' RESPA claim is facially deficient

and time-barred.  In the interest of judicial economy, this court will not address

defendants' arguments concerning the facial deficiency of this claim because it is readily

apparent that plaintiffs' RESPA claim is barred by the statute of limitations.  If plaintiffs

are asserting a claim under § 2605, such claim was to have been filed within three

years of the date that the violation was alleged to have occurred.  12 U.S.C. § 2614.

Thus, any claim by plaintiffs under this section would have had to have been filed no

later than 2009, three years after the date the loan was obtained on October 26, 2006.

If plaintiffs are asserting a claim under § 2607, such claim must have been brought

within one year from the date of occurrence, 12 U.S.C. § 2614, which again is the date

of closing, which plaintiffs have not done.  If their claim is brought under § 2608, it too is

time-barred as it must have been brought within one year from the sale of the property

to plaintiffs. 12 U.S.C. § 2614.  See Crotts v. Gunnison Valley Bank, 2012 WL 681791,

at *2 (D. Utah Feb. 29, 2012) (RESPA has a three-year statute of limitations for loan

servicing issues and a one-year statute of limitations for issues pertaining to kickbacks

and title insurance) (citing 12 U.S.C. § 2614).  Plaintiffs have made no showing that the

statute of limitations for their RESPA claim should be tolled.  Therefore, this claim

should be dismissed.

(Claim 10) Rescission.  In Claim 10, Rescission against all defendants, plaintiffs

assert they "are entitled to rescind the loan for all of the foregoing reasons: 1) TILA

Violations; 2) Failure to provide a Mortgage Loan Origination Agreement; 3) Fraudulent

Concealment; and 4) Public Policy Grounds, each of which provides independent

grounds for relief."  (Docket No. 11 at 21).  They assert that TILA extends their right to

rescind to three years from the date of closing if they received false or incomplete

disclosures of either the loan's terms or the borrower's right to rescind.  In this case,

they assert "Defendants have failed to properly disclose the details of the loan.

Specifically, the initial disclosures do not initial TILA disclosures, and lack of diligence

and collusion on the part of the broker, lender and underwriter to place Plaintiffs in a

loan she [sic] could not afford and would ultimately benefit Defendants following the

negative amortization that accrued."  (Docket No. 11 at 21).  In addition, they assert that

"[p]ermitting the alleged contract to stand would prejudice public interest; as such action

would favor an unscrupulous lender."  (Docket No. 11 at 21).

"One of the 'remedial' rights that TILA accords to consumers is the right to obtain rescission of a loan in equity.  *See* 15 U.S.C. § 1635(a).  Specifically, TILA authorizes a borrower whose loan is secured with her 'principal dwelling' to rescind the loan transaction entirely 'until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required . . . together with a statement containing [certain] material disclosures . . ., whichever is later.'  *Id.*  If the required TILA disclosures are never made, then the borrower's right of rescission under § 1635(f) 'shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first.'  *Id.* § 1635(f) . . . ."  Rosenfield v. HSBC Bank, USA, 681 F.3d 1172, 1180 (10th Cir. 2012).  Here, plaintiffs are seeking to rescind years after the three-year statutory time bar, and thus this claim should also be dismissed.  Section "1635(f) completely extinguishes the right of rescission under TILA at the end of the specified three-year period."  Id. at 1181 (citting Beach v. Ocwen Federal Bank, 523 U.S. 410, 419 (1998)).  The court thus finds it unnecessary to address the other bases for dismissal of Claim 10 raised by the GMAC defendants.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the pro se "Plaintiffs' Motion to Dismiss With Prejudice and Enter Default Judgement [sic] Against Defendants" (Docket No. 31) be **denied**.  It is further

**RECOMMENDED** that the pro se "Plaintiffs' Motion to Voluntarily Dismiss Without Prejudice By Court Order" (Docket No. 36) be **denied with respect to the**

**GMAC defendants** [defendants GMAC Mortgage, LLC, Deutsch Bank National Trust Company, and Wells Fargo Bank] **and granted with respect to all other defendants** [Bank United, FSB; Public Trustee of Gunnison, Colorado; and All Unknown Persons Who Claim Any Interest in the Subject Matter of this Action].   It is further

**RECOMMENDED** that the GMAC defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Docket No. 26) be **granted as follows.**   It is recommended that the Amended Complaint be dismissed with prejudice as against two of the GMAC defendants, namely, defendants Deutsch Bank National Trust Company and Wells Fargo Bank.   With respect to defendant GMAC Mortgage, LLC, given the bankruptcy **STAY** addressed in footnote 1 on page 4 above, it is recommended that claims 1 (lack of standing claim), 6 (quiet title), 7 (declaratory relief), and 10 (rescission claim) (except for the money damages aspect claimed) of the Amended Complaint be dismissed with prejudice.   It is further recommended that ruling on the recommendation above on the remaining claims against GMAC Mortgage, LLC, namely, claims 2 (fraud in the concealment), 3 ( fraud in the inducement), 4 (intentional infliction of emotional distress), 5 (slander of title), 8 (violations of TILA), and 9 (violations of RESPA), and any money damages aspect of Claims 1, 6, 7, and 10, be **STAYED**.   It is, however, further recommended that the case be administratively closed with respect to such remaining claims against defendant GMAC Mortgage, LLC, subject to reopening for good cause pursuant to D.C.COLO.LCivR 41.2.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve**

and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).


Dated:  April 23, 2013              s/ Michael J. Watanabe
       Denver, Colorado            Michael J. Watanabe
                                           United States Magistrate Judge