**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 13-cv-00084-REB-MJW

MICHAEL R. McKINSEY and
DEBORAH E. McKINSEY,

      Plaintiffs,

v.

GMAC MORTGAGE, LLC;
BANK UNITED, FSB;
DEUTSCHE BANK NATIONAL TRUST COMPANY as trustee for securitized trust
HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH
CERTIFICATES, SERIES 2006-14;
WELLS FARGO BANK, N.A.;
PUBLIC TRUSTEE OF GUNNISON COUNTY, COLORADO; and
ALL UNKNOWN PERSONS WHO CLAIM ANY INTEREST IN THE SUBJECT MATTER
OF THIS ACTION,

      Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE &**
**DENYING MOTION FOR INJUNCTIVE RELIEF**

---

**Blackburn, J.**

      This matter is before me on the following: (1) **GMAC Defendants' Motion to**

**Dismiss Plaintiffs' Amended Complaint** [#26][1] filed January 30, 2013; (2) **Plaintiffs'**

**Motion to Dismiss with Prejudice and Enter Default Judgement** [*sic*] **Against**

**Defendants** [#31] filed February 21, 2013; (3) **Plaintiffs' Motion to Voluntarily**

**Dismiss Without Prejudice by Court Order** [#36] filed February 25, 2013; (4)

---

[1] "[#26]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**Recommendation on (1) GMAC Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Docket No. 26); (2) Plaintiffs' Motion to Dismiss with Prejudice and Enter Default Judgement** [*sic*] **Against Defendants (Docket No. 31); and (3) Plaintiffs' Motion to Voluntarily Dismiss Without Prejudice by Court Order (Docket No. 36)** [#56] filed April 23, 2013; and (5) the **Plaintiffs' Motion for a TRO/Preliminary Injunction and the Return of Plaintiffs' Personal and Real Property** [#73] filed July 1, 2013.

Plaintiff, Deborah McKinsey, filed objections [#65] to the recommendation.[2] Defendants, Deutsche Bank National Trust Company, Deutsche Bank National Trust Company Americas, GMAC Mortgage, LLC, and Wells Fargo Bank, NA., filed a response [#68] to the objections.  Plaintiff, Deborah McKinsey, filed a reply [#72] in support of her objections.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. I have considered carefully the recommendation, objections, and applicable caselaw.  Plaintiff, Michael McKinsey, did not file a timely objection to the recommendation.  Therefore, as to Michael McKinsey, I

---

[2]  The objections [#65] purportedly are filed on behalf of both plaintiffs.  However, the objections are signed by plaintiff Deborah McKinsey, but not by plaintiff Michael McKinsey.  Nothing in the record indicates that Deborah McKinsey is an attorney licensed to practice before this court or, if she is an attorney, that she has entered an appearance on behalf of Michael McKinsey.  Given these circumstances, Deborah McKinsey may not file documents in this case on behalf of Michael McKinsey.  Under FED. R. CIV. P. 11(a), every filing must be signed either by an attorney representing the party on whose behalf the paper is filed or, if the party has no attorney, by the party himself or herself.  Mr. McKinsey did not sign the objections [#65].  Therefore, the objections may be attributed only to Deborah McKinsey.  The same is true of the reply [#72] and the motion for injunctive relief [#73].

review the recommendation only for plain error.[3]   *See Morales-Fernandez v.*

*Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005).

The recommendation is detailed and well-reasoned.  Contrastingly, Ms.

McKinsey's objections are imponderous and without merit.  Under both a *de novo*

standard of review or a plain error standard of review, I conclude that the

recommendation should be adopted as an order of this court.

Currently, the plaintiffs are acting *pro se*.  The operative complaint, however, was

filed by an attorney who represented the plaintiffs when the complaint was filed.  When

a plaintiff is proceeding *pro se*, the court generally must construe the plaintiff's

pleadings and other filings more liberally and hold them to a less stringent standard than

formal pleadings drafted by lawyers.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.

Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076

(10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v.*

*Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).  In this

case, many of the plaintiffs' filings were filed *pro se*, and I have construed those filings

liberally.  Because the operative complaint was written by an attorney representing the

plaintiffs, that document is not entitled to liberal construction.  However, the result is the

same even when the complaint is accorded a liberal construction.

The plaintiffs' complaint concerns a foreclosure on real estate owned by the

plaintiffs.  The plaintiffs claim defendant, GMAC Mortgage, LLC, was not entitled to

foreclose on the real estate.  The GMAC Defendants, GMAC Mortgage, LLC, Deutsch

---

[3] This standard pertains even though Michael McKinsey is proceeding *pro* se in this matter.
*Morales-Fernandez*, 418 F.3d at 1122.

Bank National Trust Company, and Wells Fargo Bank, filed the pending motion to dismiss [#26].  In the recommendation, the magistrate judge analyzes in detail each of the plaintiffs' ten claims for relief and applies correctly the standards applicable to a motion to dismiss.  I need not reiterate here the analysis of the magistrate judge.  That analysis is correct.  I have reviewed Ms. McKinsey's objections [#65] to the recommendation.  None of her objections has merit.  Thus, I grant the motion to dismiss on the terms recommended by the magistrate judge.  The specific terms of the recommended dismissal are colored by the voluntary bankruptcy filing of defendant GMAC Mortgage, LLC.  In essence, the bankruptcy court in charge of the GMAC Mortgage bankruptcy has granted a limited relief from the automatic stay of the Bankruptcy Code for resolution of claims not involving an award of monetary damages against GMAC Mortgage.  Claims for damages against GMAC Mortgage are stayed by the automatic stay.

The magistrate judge analyzes also the plaintiffs' motion to dismiss and to enter default judgment [#31] and the plaintiffs' motion to dismiss without prejudice [#36].  The analysis of the magistrate judge concerning these motions is correct.  Ms. McKinsey's objections [#65] to the recommended disposition of these motions are without merit.  As recommended by the magistrate judge, I deny both of these motions.

On July 1, 2003, plaintiff Deborah McKinsey filed her motion for a temporary restraining order and preliminary injunction [#73].  A temporary restraining order is extraordinary relief.  A party seeking a preliminary injunction must show (1) a substantial likelihood that the movant eventually will prevail on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the

movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).  In addition to the four foregoing factors, a party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order.  FED. R. CIV. P. 65(b).

The analysis of the magistrate judge concerning the motion to dismiss demonstrates that, on the current record, Ms. McKinsey cannot show a substantial likelihood that she will prevail on any one or more of her claims in this case.  That fact alone is fatal to her claim for injunctive relief.  Therefore, I deny Ms. McKinsey's motion [#73] for a temporary restraining order and a preliminary injunction.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation on (1) GMAC Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Docket No. 26); (2) Plaintiffs' Motion to Dismiss with Prejudice and Enter Default Judgement** [*sic*] **Against Defendants (Docket No. 31); and (3) Plaintiffs' Motion to Voluntarily Dismiss Without Prejudice by Court Order (Docket No. 36)** [#56] filed April 23, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

2.  That the **Plaintiffs' Motion to Dismiss With Prejudice and Enter Default Judgement** [*sic*] **Against Defendants** [#31] filed February 21, 2013, is **DENIED**;

3.  That the **Plaintiffs' Motion to Voluntarily Dismiss Without Prejudice By Court Order** [#36] filed February 25, 2013, is **DENIED**;

5

4.   That the **Motion To dismiss Plaintiffs' Amended Complaint** [#26] filed January 30, 2013, is **GRANTED** on the terms stated in this order;

5.   That the claims asserted by the plaintiffs in the complaint [#11] filed January 15, 2013, are **DISMISSED WITH PREJUDICE**[4] as to defendants, Deutsch Bank National Trust Company, and Wells Fargo Bank;

6.   That as to defendant, GMAC Mortgage, LLC, claim one (lack of standing); claim six (quiet title), and claim seven (declaratory relief), as asserted by the plaintiffs in the complaint [#11] filed January 15, 2013, are **DISMISSED WITH PREJUDICE**;

7.   That as to defendant, GMAC Mortgage, LLC, claim ten (rescission), as asserted by the plaintiffs in the complaint [#11] filed January 15, 2013, is **DISMISSED WITH PREJUDICE**, except to the extent the plaintiffs seek in claim ten an award of damages against GMAC Mortgage, LLC, which claim is stayed;

8.   That as to the claims against defendant, GMAC Mortgage, LLC, in which the plaintiffs seek monetary damages, as asserted by the plaintiffs in the complaint [#11] filed January 15, 2013, including claims two (fraud in the concealment), claim three (fraud in the inducement), claim four (intentional infliction of emotional distress), claim five (slander of title), claim eight (violations of TILA), claim nine (violations of RESPA), and the part of claim ten in which the plaintiffs seek monetary damages, ruling on the recommendation [#56] and Ms. McKinsey's objections [#65] is **STAYED** because further action on these claims is prohibited by the automatic stay currently in effect as a result

---

[4]   I conclude that dismissal with prejudice is appropriate because the plaintiffs' allegations do not state a claim on which relief can be granted and granting leave to amend would be futile. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

of the bankruptcy filing by defendant, GMAC Mortgage, LLC;

9.   That pending resolution of the GMAC Mortgage, LLC bankruptcy and under

**D.C.COLO.LCivR 41.2**, this action is **CLOSED ADMINISTRATIVELY**;

10.   That under **D.C.COLO.LCivR 41.2**, the clerk is **DIRECTED** to close this civil

action administratively, subject to reopening for good cause;

11.   That after consultation with the magistrate judge, the reference of the

**Plaintiffs' Motion for a TRO/Preliminary Injunction and the Return of Plaintiffs'**

**Personal and Real Property** [#73] filed July 1, 2013, is **WITHDRAWN**; and

12.   That the **Plaintiffs' Motion for a TRO/Preliminary Injunction and the**

**Return of Plaintiffs' Personal and Real Property** [#73] filed July 1, 2013, is **DENIED**.

Dated July 9, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge